UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY DAVISON,

       Plaintiff,

vs.

C/O MACLEAN, C/O FRANTZ, C/O HERBERT,
SERGEANT D. WILLIAMS, DEPUTY CARBERRY,
DEPUTY SCOTT, WARDEN WOLFBARGER,

       Defendants.

_____/

Case No. 05-70287-DT

DISTRICT JUDGE AVERN COHN
MAGISTRATE JUDGE STEVEN D. PEPE

### REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#8)

I. BACKGROUND

On February 3, 2005, Plaintiff filed a civil rights claim against C/O Maclean, C/O Frantz, C/O Herbert, Sergeant D. Williams, Deputy Carberry, Deputy Scott, and Warden Wolfbarger. Plaintiff filed a Motion For Summary Judgment citing Fed. R. Civ. P 12(1)(A), which provides defendants with 20 days in which to answer a plaintiff's complaint. Plaintiff alleges that the Defendants were served on March 10, 2005, and have failed to answer his complaint. For the following reasons, it is recommended that Plaintiff's motion be DENIED.

II. ANALYSIS

Plaintiff alleges in his motion that the defendants were served on March 10, 2005, he has failed to provide any documentary evidence to support this allegation. Nor is it supported by the record. Magistrate Judge Whalen twice ordered Plaintiff to provide service copies for the seven

defendants, his second order was March 25, 2005.

This case was originally filed incorrectly in the northern division of this Court as Case No. 05-10048-BC.  Judge Lawson on March 10, 2005,  referred the case matter to Magistrate Judge Binder pursuant to 28 U.S.C § 636(b).  This order did not include Plaintiff's complaint nor direct the service of Plaintiff's complaint.  But the Proof of Service in Judge Lawson's March 10, 2005, order did stated that "the foregoing order was served upon each attorney of record...on March 10, 2005" of which there were none at the time.  Plaintiff apparently formed the mistaken notion that his complaint had been served in Case No. 05-10048-BC.  Case No. 05-10048-BC, which was inadvertently filed in the norther division has since been dismissed.

In this case , No. 05-70287-DT,  Plaintiff complied with Magistrate Judge Whalen's second order and  submitted seven duplicate copies of his complaint for service. On June 14, 2005, Judge Whalen ordered the U.S. Marshals to direct service of process on the Defendants without prepayment of costs and the seven copies of the complaint were delivered to the U.S. Marshals. The Marshal sent waivers of service under Fed. R. Civ. P. 4(d) on June 16, 2005. Executed waivers of service have now been received by Defendants Maclean, Herbert, Williams, Carberry, and Scott, and unexecuted waivers have been returned from Warden Wolfbarger  and C/O  Frantz.  No formal appearances have been filed.  The five defendants who have waived service have until August 15, 2005 to file responsive pleadings.

Thus, summary judgment for failing to answer is not appropriate at this time.

III. RECOMMENDATION

2

For the reasons stated above, it is Recommended that Plaintiff's Motion for Summary Judgment be DENIED.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 5, 2005                                        s/Steven D. Pepe
Ann Arbor, Michigan                                         United States Magistrate Judge

Certificate of Service

      I hereby certify that on August 05, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system , and I further certify that I mailed a copy to the following non-ECF participant: Rodney Davison.

                                              s/William J. Barkholz
                                              Courtroom Deputy Clerk