UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY DAVISON,
    Plaintiff,

vs.

C/O MACLEAN ET AL,
    Defendants
_____/

CIVIL ACTION NO. 05-70287

HONORABLE AVERN COHN
HONORABLE STEVEN D. PEPE

**ORDER DENYING PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL (#29)**

    Rodney Davison is a prisoner in the custody of the Michigan Department of Corrections ("MDOC"). On February 3, 2005, he filed this action under 42 U.S.C.§ 1983 against several defendants in their official and individual capacities. Plaintiff alleges claims of retaliation against the Defendants in response to Plaintiff's exercise of protected First Amendment activities. All pretrial matters were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A),(B). Plaintiff filed this *Motion For The Appointment Of Counsel* on August 22, 2005.

    Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. 28 U.S.C. § 1915(e)(1); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Yet, appointment of counsel for an indigent party is a privilege justified only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). To determine whether exceptional circumstances necessitating the appointment of counsel are present, courts consider the type of case involved, the ability of the plaintiff to represent himself, the complexity of the factual and legal issues, and whether the plaintiff's claims are frivolous or have an extremely small likelihood of success. *Id.*; *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256

(6th Cir. 1985).  Based on several considerations, Plaintiff's claim is denied.

Plaintiff's complaint focuses on claims of retaliation inflicted by the Defendant.  The factual issues raised by Plaintiff are clear and straightforward.  Plaintiff has demonstrated in his complaint that he understands the legal issues and can present these issues to a Court in a satisfactory manner.  Plaintiff indicates that he feels that he will not be able to conduct discovery while incarcerated.  Yet, there is no reason to believe that Plaintiff will be denied access to the discovery process.  Also, it must be noted that there is a great scarcity of attorneys available to represent indigent persons in this Court.  This Court has no funds to secure attorneys for indigent parties in civil cases, and has great difficulty finding a sufficient number of attorneys willing to volunteer time to serve in *pro bono* cases without payment.

Accordingly, Plaintiff's motion for appointment of counsel is DENIED.  It may be renewed after Defendants' dispositive motions on alleged failure to exhaust are resolved by the Court.  Plaintiff has been given until October 13, 2005, to respond to Defendants' motion to dismiss for failure to exhaust. In that response Plaintiff may refer to documents in the Index to his complaint without providing added copies to the Court.

SO ORDERED.


Dated: September 16, 2005                                             s/Steven D. Pepe
Ann Arbor, Michigan                                                    United States Magistrate Judge

2

Certificate of Service

    I hereby certify that copies of this Order were served upon the parties of record by electronic means or U. S. Mail on September 16, 2005.

                                                             s/William J. Barkholz
                                                             Courtroom Deputy Clerk