# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**RODNEY DAVISON, #213112,**

       Plaintiff,

                           **Civil Action No. 05-70287**

vs.                              **HONORABLE AVERN COHN**
                                     **HONORABLE STEVEN D. PEPE**

**C/O MACLEAN, C/O FRANTZ, C/O HERBERT,
SERGEANT D. WILLIAMS, DEPUTY CARBERRY,
DEPUTY SCOTT and WARDEN WOLFBARGER,**

       Defendants.

_____/

## REPORT AND RECOMMENDATION

Rodney Davison is a prisoner in the custody of the Michigan Department of Corrections (MDOC). On February 10, 2005, he filed this action under 42 U.S.C. §1983 against several defendants in their official and individual capacities. Plaintiff alleges that Defendants have retaliated against him due to his religious status in violation of his First and Fourteenth Amendment rights. All pretrial matters were referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)(A),(B). Defendants filed their motion to dismiss for lack of exhaustion on September 1, 2005. For the reasons stated below, it is RECOMMENDED that Defendants' motion be GRANTED and Plaintiff's complaint be DISMISSED for failure to exhaust his administrative remedies pursuant to 42 U.S.C §1997e.

The Prison Litigation Reform Act requires prisoners desiring to bring civil rights claims to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. §1997e(a); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). In cases governed by the

provisions of §1997e, the prisoner bears the burden of establishing exhaustion of administrative remedies. *Brown,* 139 F.3d at 1104. To establish exhaustion, the prisoner must allege that all available administrative remedies have been exhausted and should attach documentation to the complaint indicating the administrative disposition of any grievances that have been filed. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir. 2000); *Brown,* 139 F.3d at 1104. If documentation demonstrating exhaustion is not available, the prisoner must describe the administrative proceedings and their results with specificity. *Knuckles El,* 215 F.3d at 642. The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

Prisoners within the Michigan Department of Corrections must go through a three-step grievance process. MDOC Policy Directive 03.02.130. Plaintiff attached 2 grievances to his complaint in support of the allegation that he had exhausted his administrative remedies. In these grievances Plaintiff failed to implicate Defendant Carberry or allege the facts used in his complaint to support the claim that the he was retaliated against by the Defendants based upon his religious status. In fact, in the grievances he repeatedly stated that the alleged retaliation was a result of his being found not guilty on a previous misconduct ticket (Dkt. #1, Appendix, pp. 2, 4, 5, & 6).

In order for "a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003); *see also, Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001)(Grievances filed in an attempt to exhaust administrative remedies must name the individual subjects of the grievances so prison officials can

2

address the claims before a suit is brought in federal court.).  Thus, at a minimum there has been a failure to exhaust administrative remedies against Defendant Carberry.

In *Jones-Bey v. Johnson,* 407 F.3d 801, 805 (6th Cir. 2005), the Sixth Circuit adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e.  Under this rule, a complaint which contains both exhausted and unexhausted claims must be dismissed in its entirety without prejudice for failure to exhaust administrative remedies.  District courts no longer have the option of dismissing the unexhausted claims and proceeding with the claims that have been submitted through the grievance process.  A prisoner whose complaint containing both exhausted and unexhausted claims has been dismissed may bring forth each exhausted claim one at a time, at potentially greater expense to himself, or wait until all claims are exhausted and then bring them together in one action.  *Id.* at 808.

Failure to demonstrate exhaustion *with the complaint* will result in dismissal for failure to state a claim.  *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002).  Further, *Baxter* prohibits prisoners from amending their complaint to cure a defect such as a failure to plead exhaustion and requires *sua sponte* dismissal for such a failure.  *Id.* at 488-489.  Thus, the failure to exhaust administrative remedies against Defendant Carberry requires dismissal of this compliant for all Defendants.

For this reason it is RECOMMENDED that Plaintiff's complaint be DISMISSED for failure to exhaust his administrative remedies pursuant to 42 U.S.C §1997e.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard*

*v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections. A party may file a reply brief within 5 days of service of a response. The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.

Dated: April 21, 2006                                    s/Steven D. Pepe
Ann Arbor, Michigan                              United States Magistrate Judge

<u>Certificate of Service</u>

I hereby certify that a copy of this Report and Recommendation was served upon Rodney Davison by U. S. Mail and Diane Smith electronically on April 21, 2006.

                                        s/William J. Barkholz
                                        Courtroom Deputy Clerk