UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY DAVISON,

        Plaintiff,                   Case Number: 05-70287

v.                                       HONORABLE AVERN COHN

C/O MACLEAN, C/O FRANTZ,
C/O HERBERT, SERGEANT D.
WILLIAMS, DEPUTY CARBERRY,
DEPUTY SCOTT, and WARDEN
WOLFBARGER,

        Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Rodney Davison, proceeding pro se, filed a complaint naming the following defendants: Corrections Officers Maclean, Frantz, and Herbert, Sergeant D. Williams, Deputy Scott, Deputy Carberry, and Warden Wolfbarger. Plaintiff says that defendants retaliated against him due to his religion. The matter was referred to a magistrate judge for all pre-trial proceedings. Defendants filed a motion to dismiss on the grounds that plaintiff failed to exhaust his prison remedies. On April 21, 2006, the magistrate judge issued a report and recommendation (MJRR) recommending that the motion be granted and the complaint be dismissed. Before the Court are plaintiff's objections to the MJRR. For the reasons that follow, defendants' motion to dismiss will be granted and the complaint will be dismissed without prejudice.

II.

The portions of the MJRR that plaintiff finds objectionable are reviewed de novo . See 28 U.S.C. § 636(b)(1)(C).

The magistrate judge found that plaintiff failed to exhaust his prison remedies because the two grievances attached to the complaint, grievance numbers MRF–4-04-0217-17z and MRF-04-05-0549-17z, fail to identify defendant Carberry or allege facts to support his claim of religious retaliation; rather, the grievances allege retaliation as a result of being found not guilty on a previous misconduct ticket.

In his objections, plaintiff says that he exhausted his prison remedies by filing grievance number MRF-06-01-00040-028e, naming all defendants and claiming retaliation for seeking redress through the prison system and religious discrimination, and which he says he pursued through all steps of the grievance process. He also says that he has filed an amended complaint to this effect, but did not mail the amended complaint until April 20, 2006, the day before the MJRR was issued. The docket sheet, however, does not show that an amended complaint was filed. In any event, plaintiff's attempt to show exhaustion at this time fails. It is well-established that a plaintiff may not amend the complaint to cure a defect in exhaustion. See Baxter v. Rose, 305 F.3d 486, 488-89 (6th Cir. 2002). Exhaustion is measured at the time the original complaint is filed with the grievances attached to the original complaint. Because as explained in the MJRR, plaintiff failed to exhaust based on the grievances attached to the complaint, the complaint must be dismissed.

If plaintiff has in fact exhausted his prison remedies against defendants by filing MRF-06-01000040-028e, plaintiff must file a new complaint and attach that grievance.

III.

Accordingly, the findings and conclusions of the magistrate judge are adopted as the findings and conclusions of the Court, as supplemented above.  Defendants' motion to dismiss is GRANTED.  The complaint is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

      s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  May 2, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 2, 2006, by electronic and/or ordinary mail.

      s/Julie Owens
Case Manager
(313) 234-5160